Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT ~~FILED~~

for the

District of _R hode Islan_ d 2022 AUG 31 P 1: 59

_____ Division

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

)
) Case No. _____
)
) _(to be filled in by the Clerk's Office)_
)
A N T H O N Y   L I P S C O M B )
_____ )
_Plaintiff(s)_ ) Jury Trial: _(check one)_ ☑Yes ☐No
_(Write the full name of each plaintiff who is filing this complaint._ )
_If the names of all the plaintiffs cannot fit in the space above,_ )
_please write "see attached" in the space and attach an additional_ )
_page with the full list of names.)_ )
**-v-** )
STATE OF RHODE ISLAND ; RHODE )
ISLAND STATE POLICE DEPARTMENT # 00 ;) 
STATE TROOPER MARDINGTON # 269 in his Individual )
and OFFICIAL CAPACITY, TROOPER MICHAEL WINTON )
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY; Troop )
ER COLAGIANTE # 110       Defendant(s) OFFICIAL AND INDIVIDUAL )
CAPACITY. See next page )
_(Write the full name of each defendant who is being sued. If the_ )
_names of all the defendants cannot fit in the space above, please_ )
_write "see attached" in the space and attach an additional page_ )
_with the full list of names.)_ )

## COMPLAINT FOR A CIVIL CASE

**I.** **The Parties to This Complaint**

    **A.** **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

        Name              A N T H O N Y   L I P S C O M B

        Street Address     Price St   /  PO box 27562

        City and County    Providence

        State and Zip Code  Rhode Island  02907 / (Same)

        Telephone Number  _____

        E-mail Address    _____

    **B.** **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name — STATE OF RHODE ISLAND

Job or Title *(if known)*

Street Address — 150 SOUTH MAIN STREET

City and County — Providence

State and Zip Code — RHODE ISLAND , 02903

Telephone Number — (401) 274 - 4400

E-mail Address *(if known)*

Defendant No. 2

Name — RHODE ISLAND STATE POLICE DEPT.

Job or Title *(if known)* — ("R.I.S.P.")

Street Address — 311 Danielson Pike

City and County — N. Scituate ,

State and Zip Code — Rhode Island , 02857

Telephone Number — (401) 444 - 1000

E-mail Address *(if known)*

Defendant No. 3

Name — STATE TROOPER PARDINGTON #269

Job or Title *(if known)* — ↓

Street Address

City and County — Same as Above (R I.S.P.)

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name — STATE TROOPER MICHAEL WINTON

Job or Title *(if known)* — ↓

Street Address

City and County — Same As Above (R.I.S.P)

State and Zip Code

Telephone Number

E-mail Address *(if known)*

PAGE 2 CONTINUATION[1]

Defendant No. 5

Name __**COLASANTE**__

Job or Title __STATE TROOPER__

Street Address _____

City and County __SAME AS Above (R.I.S.P.)__

State and Zip Code _____

Telephone Number _____

Defendant No. 6

Name __BARRINGTON POLICE DEPARTMENT__

Job or Title _____

Street Address __100 Federal Rd__

City and County __Barrington__

State and Zip Code __Rhode Island, 02806__

Telephone Number __(401) 437-3935__

Defendant No. 7

Name __**DACOSTA**__

Job or Title __Patrolman__

Street Address __SAME AS Above__

City and County __Barrington R.I__

State and Zip Code __Rhode Island, 02806__

Telephone Number _____

Defendant No. 8

Name __TIVERTON POLICE DEPARTMENT__

Job or Title _____

Street Address __20 Industrial Way__

City and County __Tiverton__

State and Zip Code __Rhode Island, 02878__

*3*

Defendant No. 9

Name Jordan DaSILVA

Job or Title Patrolman

Street Address SAME AS Above

City and County TIVERTON

State and Zip Code Rhode Island

Telephone Number

Defendant No 10

Name South KINGSTOWN POLICE DEPARTMENT

Job or Title

Street Address 1790 Kingstown, Rd

City and County South Kingstown

State and Zip Code Rhode Island, 02879

Telephone Number (401) 783 - 3321

Defendant No 11

Name JEFFREY SHAGRILL

Job or Title Patrolman South Kingstown P.D.

Street Address SAME AS Above

City and County South KINGSTON

State and Zip Code Rhode Island, 02879

Telephone Number

4

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Civil Rights Violation
Fourth Amendment of Constitution Illegal Search Seizure;

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual

        The plaintiff, *(name)* ANTHONY LIPSCOMB , is a citizen of the State of *(name)* RHODE ISLAND .

    b.    If the plaintiff is a corporation

        The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

        and has its principal place of business in the State of *(name)* _____

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____

5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)* RHODE ISLAND , is incorporated under

the laws of the State of *(name)* RHODE ISLAND , and has its

principal place of business in the State of *(name)* RHODE ISLAND .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

These are continued Constitutional and Civil Rights violations

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attachments. There are several defendants and departments presented within this complaint

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

6

**b.** If the defendant is a corporation

The defendant, RHODE ISLAND STATE POLICE #001 DEPARTMENT, is incorporated under the laws of the state of RHODE ISLAND, and has its principal place of business in the State of RHODE ISLAND

If the defendant is an individual

The defendant State Trooper Pardington #269; State Trooper MICHAEL WINTON; State Trooper COLASANTE #110;

CORPORATION: BARRINGTON POLICE DEPARTMENT; TIVERTON POLICE DEPARTMENT and SOUTH KINGSTON POLICE DEPARTMENT

INDIVIDUAL(S): BARRINGTON Patrolman DA Costa, TIVERTON PATROLMAN JORDAN DASILVA and SOUTH KINGSTON PATROLMAN JEFFREY SHAGRILL whom are believed to be citizens of the State of Rhode Island

7

b.  If the defendant is a corporation
The defendant, Rhode Island State Police Department #001, is incorporated under
The laws of the State of Rhode Island and has its principal place of business in the
State of Rhode Island.

If the defendant is an individual. The defendant(s), State Trooper Pardington #269;
State Trooper Michael Winton; and State Trooper Colansante #110.

CORPORATION: BARRINGTON, R.I. Police Department; Tiverton, R.I. Police Department,
And South Kingston Police Department.

INDIVIDUAL(S): Barrington Patrolman Da Costa; Tiverton Patrolman Jordan DaSilva, and
South Kingston Patrolman Jeffrey Shagrill whom are believed to be citizens of Rhode
Rhode Island.

III. **Statement of Claim**

1. On March 8, 2022 about 12:15pm, the plaintiff was on his lunchbreak travelling in

    Barrington, R.I.  when he passed by a church parking lot with a Barrington patrolman

    appearing  to watch traffic. As the plaintiff passed by and the patrolman who is

    Patrolman Da costa, looked at the plaintiff, Da Costa accelerated at a high speed from

    his position and followed the plaintiff.

2. Da Costa activated the sirens and the plaintiff pulled over on the side of a busy circling

    road. Da Costa approached vehicle, and asked for vehicular documentation.

3. The plaintiff asked Da Costa why he was being pulled over and Da Costa cited

    The license plate covering.

4. The plaintiff was later cited for unregistered vehicle. The plaintiff displayed
    documentary evidence to Da Costa of a cancelled DMV date of the same week

Page 4 Cont'd

5. With the purpose of rescheduling to register the vehicle. Though the vehicle's insurance was Active, patrolman Da Costa, along with another patrolman contacted the tow company and had the car towed away.

6. The plaintiffs rights were violated when patrolman Da Costa abruptly exited his position in The parking lot upon initial sight of the plaintiff. The time was 12:19pm, weather conditions Were clear and the license plate covering was transparent as well.

7. After being shown, the intention to register the vehicle, Da Silva and the other patrolman proceeded with the tow during the plaintiff's lunchbreak.

8. Due to the previous unprovoked encounter's with Rhode Island law enforcement agencies and officer's, the plaintiff suffers from anxiety which is currently being monitored by a Rhode Island health care provider. This encounter triggered the anxiety and raised its levels that day and beyond and treatment is continuously being sought for distress.

9. The plaintiff seeks damages in the form of disciplinary action from the appropriate official. An electronic complaint has been filed this season but its response is unknown. Reform is sought in departmental policy and training and accountability thereof in how motorists are viewed and matter's such as the current are determined.

10. Monetary damages are sought in the amount of $100,000.00 (one hundred thousand dollars) for violating the plaintiffs to be free of harassment; Pain and suffering regarding plaintiffs anxiety diagnoses in the amount of $100,000.00; Punitive damages due to Da Costa's overall action of pursuing the plaintiff on physical sight, towing the vehicle despite evidence of a DMV registration cancelled date, and active car insurance; Towing expenses of $500.00 (five hundred dollars and zero cents). Totaling $200,500. 00 (two hundred thousand five hundred dollars and zero cents)

1. On February 25, 2020, about 2:45 p.m., the plaintiff was traveling north on route ten in the left lane in Providence, R.I. behind another unknown motorist. In the right lane was a Rhode Island State Trooper's "RISP" who is the defendant Pardington, whom's vehicle, a sedan was traveling north as well. The unknown motorist sped past Pardington and the plaintiff followed.

2. While driving past Pardington the plaintiff looked over to the right towards Pardington and Pardington immediately veered into the left lane behind the plaintiff and activated his sirens and the plaintiff pulled over on the side of the highway.

3. Pardington approached the plaintiffs passenger side window and asked of the plaintiffs whereabouts and destination. Plaintiff responded by handing Pardington the vehicles verification document's and stated "everything you need to know is here". Pardington angrily replied "okay"! and returned to his vehicle.

Page 4 Cont'd

4. After about twenty minutes Pardington approached the plaintiffs driver side door ordering the plaintiff to exit the vehicle while the tow truck simultaneously arrived on the scene. Plaintiff questioned the order due to the vehicles legitimacy that being that it was a loaned vehicle to the plaintiff by an auto repair shop due to the plaintiff's personal vehicle being repaired.

5. Pardington questioned the license plate display which was registered to the plaintiffs personal vehicle. Pardington possessed the Department of Motor vehicles authorization form for this display which was handed to him at the on-set. Pardington refuted its legitimacy and stated "both" the loaned vehicle and plaintiff's personal registered license plates were invalid.

6. A traffic ticket for the matter was given as well as a court summons. The vehicle was then searched and seized on a busy highway and the plaintiff had to get a lift from the area and could not tend to the work day.

7. The vehicle remained in the tow for several days without return and the plaintiff was without a vehicle until his personal vehicle was repaired that week.

8. A citizen's complaint was filed with the RISP against Pardington. The plaintiff was contacted by the RISP for clarification of the matter.

))

Page 4 Cont'd

9. Prior to this contact several attempts to rectify and dispose of the tickets Were made by the plaintiff and the auto repair shop to no avail. After some further attempts to contact the courts of the matter the prosecutor dismissed the tickets prior to the court hearing.

10. From this encounter the plaintiff sought professional help for stress, anxiety, and other psychological matter's and was diagnosed with anxiety and treated by a Rhode Island medical professional which is on-going.

11. In the matter of Damages the plaintiff requests Punitive: $1,000,000,00. (one million dollars) racial profiling $1, 500,000.00 (one million and five hundred thousand dollars) Illegal search and seizure $1,000,000,00. (one million dollars) Cause for psychological distress $2,000,000,00. (two million dollars) for a total of 5,500,000.00 (five million and five hundred thousand dollars and endangering the plaintiff on the highway and tension with Pardington and harassment $250,000.00 (two hundred and fifty thousand dollars)

12

Page 4 Cont'd

1. On March 12, 2021 the plaintiff was traveling in Pawtucket, R.I.

   on 95 south at 10:42 p.m. in the left lane. A State Trooper small utility

   vehicle "s.u.v." defendant" Michael Winton" was slowly traveling in the far-

   right lane. The plaintiff then got into the far right lane behind Micheal

   Winton to exit the highway.

2. Micheal Winton then veered into the secured lane and allowed the plaintiff

   To pass by then immediately activated his sirens. The plaintiff exited the

   highway and pulled over.

3. The defendant approached the passenger side of the vehicle where there

   was a passenger seated. The vehicles document's were requested and

   handed over. Defendant Colasante was called to the scene and approached

   the driver's side. Trooper Winton returned to the plaintiff and orders

   plaintiff from the vehicle. Plaintiff asked what the violation was and tinted

   windows was cited. The plaintiff asked to be released where Michael

   Winton refused and called back up. Two more troopers arrived after the

   plaintiff reluctantly exited the vehicle due to anxiety flare-up and in cold

   weather.

Page 4 Cont'd

4.  The plaintiff was searched and aggressively questioned with explicit language by an assisting trooper while demanding the plaintiff to sit down onn the ground. The other remained silent and Colansante remained calm.

5.  Michael Winton asked plaintiff of whereabouts and destination. Plaintiff replied "coming from work" and "dropping worker off home". Michael Winton asked "where's home" for the passenger and Plaintiff refused to answer. Winton became more aggressive and asked " who pays you" and wanted to further physically search the vehicle which the plaintiff refused. Thirty –forty minutes later the plaintiff was released after a citation.

6.  A complaint was filed against the Troopers and now the current.

7.  Due to the racial profiling and harassment when being pulled over, ordered to exit the vehicle, questioned of whereabouts and disbelieving the answers, searched, discrimination when questioned of wage origins, aggression in words and presence with there being four Troopers involved, endangerment, the plaintiff punitive damages of $1,500,000.00 (one million five hundred thousand dollars)

8.  Damages for raising anxiety levels which was initiated by the RISP in February 2020, in this matter exhibited by the plaintiff reluctantly exiting the vehicle. Also, suffering the above stated attacks and enduring the cold

14

Page 4 Cont'd

weather on the side of the road off the highway at night. The plaintiff also

seeks $1,500,000.00 (one million and five hundred thousand dollars)

9. Punitive damages in the amount of $2,000,000.00 (two million dollars)

This is a second occurrence by the RISP nearly a year later from the first.

Proving no accountability, continued harassment, and aggression which

could turn tragic in various circumstances whether its busy aggressive

traffic or anxiety levels raised which causes" non –compliance" by the

plaintiff or racial animus by these officers whom carry lethal weapons.

10. The Plaintiff is also requesting that both defendants Pardington and

Micheal Winton be terminated from the State Troopers force for this type

of behavior is unbecoming of a trusted law enforcement officer.

11. Total monetary damages requested in this Matter is $5,000,000.00 (Five million dollars)

15

III. Statement of Claim

1.   On May 23, 2022 the plaintiff was travelling in the middle lane on the highway in Tiverton, R.I. after 11 p.m. in a 50-55 miles per hour speed limit.

2.   After several minutes of driving a patrolman's sport utility vehicle sped by my vehicle at a high speed in the left lane. This vehicle was operated by

Patrolman Jordan Da Silva "Da Silva". Da Silva looked over at the plaintiff as he passed by while a pick- up truck followed behind the patrolman.

3.   Da Silva pulled over into the far right breakdown lane and waited for the plaintiff to pass by and as this occurred Da Silva exited his position and activated the sirens and the plaintiff pulled over to the side of the highway in the breakdown safety lane.

4.   Da Silva approached plaintiffs vehicle and asked of whereabouts and while immediately suggesting plaintiff was coming from Newport R.I. Plaintiff asked why does he say that and Da Silva states " a lot of people come from there [ and at this time].

*16*

5.  Plaintiff asked for the reason for the stop and Da Silva stated that

    the Plaintiff slowed down when he passed by. Plaintiff remained

    silent and requested that Da Silva proceed with the investigation.

6.  Another patrolman arrived and the plaintiff was informed that the

    vehicle's registration was suspended. A tow truck was called and

    The plaintiff called for a ride.

7.  Both patrolmen stated department policy did not allow them to

    leave someone on the side of the highway waiting to be picked up

    So they would need to bring citizen to the police station or drop off

    Nearby at Tiverton casino. Plaintiff refused due to a assistance being

    nearby and was responded with force as both patrolmen put their

    black gloves over their hands.

8.  Da Silva informed plaintiff that whomever is on the way to

    For pick up that their license would be investigated as well as

    registration.

9.   The patrolmen also stated they would not wait after the tow truck

    leaves the scene for pick up so plaintiff would need to get inside of

    their vehicle. Due to the aggression and the tow truck leaving, the

17

Plaintiff submitted and entered Da Silva's patrol sport utility vehicle and was dropped off at the Tiverton casino.

10. A written and electronic complaint was filed against Da Silva shortly after while requesting the police report from the records department officer which was denied.

11. The department's investigations decision was held in favor of Da Silva even to the fact of his speeding on the highway past the speed limit.

12. Plaintiff seeks damages of $100,000.00 (one hundred thousand dollars)for the racially motivated traffic stop. The assumption that the plaintiff was travelling from Newport at that hour appears to Support this claim due to Newport's diverse demographic. Da Silva pulled over and pulled plaintiff over upon sight of plaintiff.

13. Due to these continuous, unwarranted encounter's, the plaintiff Suffers from anxiety and stress disorder and this encounter raised the stress levels. Plaintiff seeks $200,000.00 (two hundred thousand dollars and zero cents) .

14. Punitive Damages: The plaintiff seeks $200,000.00 (two hundred thousand dollars and zero cents) for this behavior that's unbecoming



of a fair, objective, patrolman of the state.

15.   Plaintiff seeks comprehensive policy change in this support of

this type of decision making where there was no crime, no one in

distress or danger besides when Da Silva sped past driving nearly 20

miles faster than the speed limit where the department declared in

their response to the complaint that Da Silva did nothing wrong and

followed procedure.

16.   Tow fees of $500.00. (five hundred dollars and zero)  $256.00 (two

hundred and fifty six and zero dollars) for the tow and $144.00 gas

and retrieval of vehicle. For a total of $500, 500.00. (five hundred

thousand five hundred dollars and zero cents)

*19*

Page 4 Cont'd

---

### III Statement of the Claim

1. On May/Jun 2022, the plaintiff was travelling on route one in South

   *or About*

   Kingston, Rhode Island when the plaintiff drove past a business's lot where

   The defendant patrolman Jeffrey Shagrill was stationed apparently

   watching traffic. The plaintiff was operating the motor vehicle in the right

   lane in a two lane road closest to the lot where the patrolman was

   stationed in the patrol sport utility vehicle s.u.v.

2. As the plaintiff passed by Jeffrey Shagrill, identical to the previous

   defendant's, Jeffrey observed the plaintiff as plaintiff looked in his direction

   and exited the lot and followed the plaintiff whom was amongst two other

   suv's.

3. The patrolman remained in the left lane behind an s.u.v. until the plaintiff

   began to make a turn using the right indicator and Jeffrey also went into

   the right lane and made the turn about a mile or two down road.

4. As the plaintiff was a stretch of road the patrolman sped up close to the

   Plaintiff's vehicle where it became dangerous and the plaintiff pulled over

   to the side of the road and made an abrupt turn.

20

Page 4 Cont'd

5. The patrolman was extremely close and did not brake and continued down the road. The plaintiff regained composure and exited the area and continued down the same road.

6. About two miles down the road was the main road and the plaintiff made a left turn after the traffic light. Suddenly a light and sirens were activated behind the plaintiff and the plaintiff pulled into a residential area and Stopped in the middle of the parking lot.

7. The patrolman exited his vehicle and approached plaintiff asking if the operator was Anthony Lipscomb. Plaintiff replied yeh to which the defendant replied your license has been suspended due to a $38.50 court fine.

8. The plaintiff asked the defendant why did he leave his position upon notice of plaintiff passing by on route one and Jeffrey stated "the car could be stolen" or [named other matter's].

9. The car was parked, license confiscated, and the plaintiff left the area.

10. An electronic complaint was filed with the South Kingston Police department to which a response has yet to be delivered. The license was never returned and a new one issued after payment.

21

Page 4 Cont'd

11. Damages: The plaintiff is raising a claim of racial discrimination, harassment, and a violation of civil rights and the U.S. constitution.

12. Also, the anxiety suffered by the plaintiff due to these continuous, unwarranted encounter's continued to be activated and heightened and causes stress at unnecessary levels, and escalation of a non threatening matter.

13. The plaintiff also seeks punitive damages in the amount of $150,000 (one hundred and fifty thousand dollars and zero cents for the entire encounter. Namely, the driving closely to the plaintiffs vehicle causing the plaintiff to swerve off the road as the patrolman continued without monitoring the plaintiff's well-being though he caused that response.

14. Racial Discrimination: The patrolman leaving his position in the lot on sight or eye contact of the plaintiff, as well as stating the reason for that action, saying "the car may be stolen" and other crimes. The plaintiff seeks $250,000.00 (two hundred and fifty thousand dollars and zero cents).

15. Raising anxiety levels: The plaintiff seeks $150,000.00 (one hundred and fifty thousand dollars and zero cents) for heightening a medical issue due to the fact of police harassment and unwarranted investigations into simply driving. There has been no speeding ticket's given, no fail to use indicator,

Page 4 Cont'd

neither Driving under the influence, no erratic driving, nothing to give way

for these approaches by the Rhode Island law enforcement agencies.

16. The plaintiff seeks a total of $550,000.00 (five hundred and fifty thousand

dollars and zero cents) due to these serious violations.

23

Page 4 Cont'd

<u>III</u>. **Statement of Claim**

1. The plaintiff Claims that the State of Rhode Island "The State" is complicit in these numerous, unprovoked, law enforcement encounters toward the plaintiff that occurred over the years up until this day.

2. Prior to the first incident in early 2020 with the Rhode Island State police trooper on route 10, there were 3-4 previous incidents that occurred and are documented and noted. Though all were not refuted through administrative complaints.

3. Only when this behavior continued and became more aggressive did the plaintiff began to file complaints with the law enforcement agencies involved. These were agencies not included in this filing from near and far towns in Rhode Island.

4. Also, Rhode Island has had a well- known history of racial discrimination By law enforcement against its African American resident's for decades. So, by the continuation of this bad behavior, it is evident that the State is failing to hold these individual's and departments accountable to promote deterrence against this harassment.

5. The seriousness of the matter in the state has caused groups like the ACLU. NAACP,DARE, and individual citizens and community activists to get involved on all levels, event to the point of labeling this "policy" by law enforcement or the effects thereof "Driving while Black". (See Providence Journal reports of various years covering the topic 2010-2014)

6. Over a decade later after probes and studies and statistics that prove blacks are pulled over at a much higher rate than whites, though less likely to be committing an offense, the plaintiff continues to be victimized by Rhode Island agents.

24

Page 4 Cont'd

**7.** These encounter's includes: Being pulled over without cause, general just by looking over at the patrolman and troopers. The Plaintiff's car was searched without search warrant, towed though registered and insured.

**8.** The Plaintiff was on the side of busy highways during these stops which is dangerous for both parties. The weather was cold in some cases where the plaintiff was outside for

**9.** Thirty minutes or more. The plaintiff was surrounded by several patrolman in most cases two or more whom were aggressive and using profanity in some matters.

**10.** The plaintiff began to suffer from a diagnose anxiety disorder due to these frequent, unprovoked encounter's where in all Five matter's addressed in this complaint, the anxiety became active.

**11.** In another recent matter the plaintiff was nearly ran off the road and had to regain composure in south Kingston and was still pulled over for driving past the patrolman who later discovered an infraction via investigation.

**12.** The patrolman's service weapons are at the ready at all times which heightens the tension and anxiety of plaintiff especially while knowing nothing has been done wrong regarding traffic violations and danger to other motorists to cause such aggression.

**13.** The Plaintiff seeks damages in the amount of $5,000,000.00. (Five million dollars and zero cents) from the State of Rhode Island for punitive damages, psychological damage, monetary, and whatever the court deem necessary to hold accountable the defendant's in this complaint.

*25*

Page 4 Cont'd

**III Statement of Claim**

1. In this final claim the Plaintiff is including each law enforcement

   department due to their identical and very similar response to their

   Patrolman's action's excluding in-part the Rhode Island State police

   Department.

2. All four agencies and departments are compliin the action's and

   provocations of their officer's which endangered the plaintiff by their

   decision to agree with their officer's actions and failure to discipline

   Or make known policy modifications.

3. In the matter of the Rhode Island State Police (RISP), the 2020 encounter

   was disapproved of by their representative but action to deter was

   unknown. The 2021 state trooper encounter proved the department has

   not effectively addressed the matter and with the same plaintiff and four

   troopers present. The plaintiff seeks $500,000.00 total for both encounters.

4. In the complaint against Barrington police department, the plaintiff has yet

   to receive a mailed reply though filed electronically. There were other

   known accounts of racial biases from the same department within weeks of

   the plaintiff's encounter where an employee was harassed as they were

   attempting to enter the workplace so this is evident of this department's

continued aggression toward the African American community.

5. The patrolman's readiness to follow the plaintiff on site of the plaintiff

   is indicative of this department's absence of racial sensitivity training or

   compliance thereof.

6. The damages requested by the plaintiff from the Barrington police department

   due to their enacted  policies or lack thereof toward minority operators that

   promote fairness and equality totals in the amount of $200,000.00

   (two hundred thousand dollars and zero cents).

7. **Tiverton Police Department** is clearly culpable in their patrolman Jordan

   Da Costa based on their conclusion to the plaintiff's complaint filed against
   
   behavior

   the patrolman.

8. In the complaint it was highlighted how patrolman Da Costa pulled plaintiff

   over  after  speeding past and observing operator. The department stated

   the  patrolman  [followed all procedures] and was cleared for any

wrongdoing.

9. Damages sought in this matter is $250,000.00 (two hundred and fifty thou-

   sand dollar and zero cents)

27

**10. South Kingstown police department** have not responded to the electronic complaint filed by plaintiff. The action's of patrolman Jeffrey Shagrill, representing the department is evident of this departments aggression toward minority Motorists.

**11.** The patrolman left his post on sight of the plaintiff, then followed the plaintiff over a quarter- mile, drove close behind the plaintiff nearly driving plaintiff off-road where plaintiff had to make an abrupt turn, then after waiting for the plaintiff later on down the road and stopping the vehicle, the patrolman stated The car may be stolen or other criminal acts afoot for the reason for the stop.

**12.** The plaintiff requests racial sensitivity training and compliance; $300,000.00 (three hundred thousand dollars and zero cents) extermination, reprimand, suspension or another deterring form of disciplinary action.

**13.** The total punitive, monetary, damages sought from the four Rhode Island police departments in this claim due to their culture, policies, lack of accountability enforcement toward their officer's, acknowledgment, violation of civil and constitutional rights, and culpability is $1,250,000.00 (One million two hundred and fifty thousand dollars and zero cents).

**28**

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

14. Monetary damages in its totality is $18,000,000.00
(Eighteen million dollars and zero cents)

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        8/18/2022

Signature of Plaintiff        Anthony Lipscomb
Printed Name of Plaintiff     Anthony Lipscomb

### B.    For Attorneys

Date of signing:        _____

Signature of Attorney        _____
Printed Name of Attorney     _____
Bar Number                   _____
Name of Law Firm             _____
Street Address               _____
State and Zip Code           _____
Telephone Number             _____
E-mail Address               _____