UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANTHONY LIPSCOMB           :
                           :
v.                         :      C.A. No. 22-00319-WES
                           :
STATE OF RHODE ISLAND, et al. :

### REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

      On August 31, 2022, Plaintiff Anthony Lipscomb filed his pro se Complaint. (ECF No. 1). He asserts a state-wide conspiracy to violate his civil rights arising out of repeated and allegedly harassing police traffic stops. He sues the State of Rhode Island; the Rhode Island State Police; the Barrington, Tiverton, and South Kingstown Police Departments; and several law enforcement officers. At the same time, he filed an Application to Proceed Without Prepayment of Fees and Affidavit (an in forma pauperis or "IFP" motion). (ECF No. 2). Plaintiff's Motion has been referred to me; I am addressing it by report and recommendation. Janneh v. Johnson & Wales Univ., No. CA 11-352 ML, 2011 WL 4597510, at *1 (D.R.I. Sept. 12, 2011) (denial of a motion to proceed IFP is the functional equivalent of an involuntary dismissal, and magistrate judge should issue report and recommendation for final decision by District Court). 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff has sufficient assets to pay the fees and costs of this proposed civil case and thus, I recommend that Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) be DENIED.

      In McDonald v. Colvin, No. CA 15-326 ML, 2015 WL 5507093, at *1 (D.R.I. Sept. 16, 2015), this Court noted that a plaintiff seeking IFP status will be required to "'put his money where

his mouth is,' it being all too easy to file suits, even with sufficient pro forma allegations, if it costs nothing whatever to do so." Citing In re Stump, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam). The Court went on to note that "in evaluating the merits of an IFP motion, this Court must 'hold the balance steady and true as between fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill.'" Id. citing Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984) (Selya, J.). The applicable statute requires a showing that the applicant is indigent and "unable" to pay the applicable filing fee. 28 U.S.C. § 1915(a)(1). Applying these principles to the information set forth in Plaintiff's Affidavit, it is evident that Plaintiff does not qualify for IFP status. On the face of his Affidavit, he lists financial resources that are more than sufficient to pay the $402.00 filing fee. Plaintiff states that he was employed part time until July 25, 2022 and earned $242.45 weekly. (ECF No. 2 at p. 1). He states that he has a total of $6,300.00 in "cash or checking or savings accounts." Id. at p. 2. Plaintiff states that he owns a vehicle worth $3,500.00 and has a pending workers' compensation filing in progress. He also indicates he receives approximately $100.00 per month in support from a "senior relative." Id. at p. 3. Finally, he estimates his total monthly expenses as $695.00. Id. at p. 2. Given that Plaintiff has $6,300.00 in bank accounts, a history of income and modest monthly expenses, he is able to pay fees and costs in this case, and does not qualify for IFP status.

      For the foregoing reasons, I recommend that Plaintiff's Application to Proceed without Prepayment of Fees (ECF No. 2) be DENIED and that this Court order Plaintiff to pay the filing fee; and, if he fails to do so, I recommend that this action be dismissed without prejudice.

      Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-

<u>Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


     /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 4, 2022