UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| Anthony Lipscomb,<br>    Plaintiff,<br><br>v.<br><br>State of Rhode Island, et al.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:22-cv-00319-MRD-AEM |

## ORDER

Before this Court for determination is Defendants' Motion to Compel (ECF No. 66) filed by Defendants Barrington Police Officer Nathan DaCosta and Tiverton Police Officer Jordan DaSilva ("Defendant Officers"). Pro se Plaintiff Anthony Lipscomb ("Mr. Lipscomb")[1] did not file a Response. Defendant Officers move to compel Mr. Lipscomb to respond to their First Request for Production of Documents Addressed to Mr. Lipscomb and to provide more fulsome responses to their First Set of Interrogatories Addressed to Mr. Lipscomb. *Id.* at 1. Defendant Officers' Motion to Compel is GRANTED in part and DENIED in part.

**I.   REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Officers sent their First Request for Production of Documents on August 1, 2025. *Id.* Mr. Lipscomb indicated his response was in process, but as of the filing of their Motion, Defendant Officers have not received any response. *Id.* at 1-2. Mr. Lipscomb is ordered to respond to Defendant Officers' First Request for Production of Documents Addressed to Mr. Lipscomb by

---

[1] While pro se litigants are "not exempt from procedural rules," they may be afforded more leniency in recognition of "the obstacles that they face." *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000) ("By the same token, courts endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects.").

**December 22, 2025**, which may include providing requested documents, responding with objections, and/or providing a statement that no responsive documents exist for a given request.

II.   **INTERROGATORIES**

Defendant Officers also sent their First Set of Interrogatories on August 1, 2025. *Id.* at 2. Mr. Lipscomb responded on August 4, 2025, but Defendant Officers assert that his responses were "unresponsive and incomplete." *Id.* They have received no further communication from Mr. Lipscomb. Each interrogatory is discussed in turn.

A.   **Interrogatory No. 2**

In Interrogatory No. 2, Defendant Officers request names, present addresses, and telephone numbers for persons who have knowledge or information about the matters in the Complaint. *Id.* Defendant Officers share that Mr. Lipscomb identified several entities and individuals, but did not provide their names or contact information. *Id.* By **December 22, 2025**, Mr. Lipscomb is ordered to provide the names, present addresses, and telephone numbers of the individuals and entities in his response to Interrogatory No. 2, to the extent that information is known to him**.**

B.   **Interrogatory No. 3**

In Interrogatory No. 3, Defendant Officers seek information about persons who have given "statements, reports, voice recordings or memoranda" to Mr. Lipscomb or others pertaining to the matters in the Complaint, including "the name and present addresses" of those persons. *Id.* at 2-3. Defendant Officers state that Mr. Lipscomb provided the name of a behavioral and mental specialist who may have relevant notes, but not her address or contact information. *Id.* Mr. Lipscomb is ordered to provide the present address for the behavioral and mental specialist by **December 22, 2025.**

### C.     Interrogatory Nos. 5 and 6

In Interrogatory No. 5, Defendant Officers request that Mr. Lipscomb identify any civil lawsuits in which he has been involved and in Interrogatory No. 6, Defendant Officers request that Mr. Lipscomb identify any time he has been arrested. *Id.* at 3. Defendant Officers report that Mr. Lipscomb objected based on relevance. *Id.* In seeking to compel, Defendant Officers contend that the information they seek "may be pertinent to the instant action." *Id.*

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Although relevance is to be construed broadly at the discovery phase of a case, the burden is on the party seeking discovery to demonstrate that requests are within the scope of Federal Rule of Civil Procedure 26(b)(1). *See TG Plastics Trading, Co. v. Toray Plastics*, C.A. No. 09-336S, 2010 WL 936221, at *2 (D.R.I. Mar. 12, 2010). Defendant Officers' "conclusory" assertion that the information "may be pertinent to the instant action" (ECF No. 66 at 3) fails to meet their burden to establish that this information is relevant to the claims or defenses in this case. *See TG Plastics*, 2010 WL 936221, at *2. Mr. Lipscomb does **not** need to respond to Interrogatory No. 5 or Interrogatory No. 6.

### D.     Interrogatory No. 7

In Interrogatory No. 7, Defendant Officers request that Plaintiff "provide a complete, itemized statement of [his] damages, including but not limited to anxiety, emotional distress, and pain and suffering." ECF No. 66 at 4. While Mr. Lipscomb responded, Defendant Officers report that he did not provide details. *Id.* By **December 22, 2025**, Mr. Lipscomb is ordered to provide a complete response to Interrogatory No. 7 with "a complete, itemized statement of [his] damages,

including but not limited to anxiety, emotional distress, and pain and suffering," or, if no additional information exists, a statement specifying that no additional information exists.

### E. Interrogatory Nos. 10 and 11

Interrogatory No. 10 seeks specific information related to social media posts and/or stories and Interrogatory No. 11 seeks specific information about electronic messages. *Id.* While Mr. Lipscomb stated that information relevant to Interrogatories Nos. 10 and 11 would be reviewed and provided later, *id.* at 4-5, he had not provided such information at the time the Motion to Compel was filed. *Id.* Mr. Lipscomb is ordered to provide complete responses to Interrogatory No. 10 and Interrogatory No. 11 by **December 22, 2025.**

### III. CONCLUSION

Defendant Officers' Motion to Compel is GRANTED IN PART and DENIED IN PART: Mr. Lipscomb is ordered to respond to Defendant Officers' First Request for Production of Documents Addressed to Mr. Lipscomb by **December 22, 2025**; Mr. Lipscomb is ordered to respond as specified above to Interrogatory Nos. **2**, **3**, **7**, **10**, and **11** in Defendant Officers' First Set of Interrogatories Addressed to Mr. Lipscomb by **December 22, 2025**; and Mr. Lipscomb does **not** need to respond to Interrogatory Nos. **5** and **6** in Defendant Officers' First Set of Interrogatories Addressed to Mr. Lipscomb.

IT IS SO ORDERED.

 /s/ Amy E. Moses
Amy E. Moses
United States Magistrate Judge

December 2, 2025